**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-6526**

———————

WILLIAM E. JONES, JR.,

                            Plaintiff - Appellant,

        versus


T. R. WILD, S.O.D. 124/Badge 327; PTL; OFFICER
BENDER, Police Officer; K-9 OFFICER BOSCO, K-9
Dog,

                            Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Jerome B. Friedman, District
Judge.  (2:06-cv-00169-JBF)

———————

Submitted:  June 27, 2007            Decided:  July 30, 2007

———————

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

William E. Jones, Jr., Appellant Pro Se. Richard Hoyt Matthews,
PENDER & COWARD, PC, Virginia Beach, Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William E. Jones, Jr., a Virginia prisoner, appeals the district court's order granting summary judgment in favor of Defendants and dismissing his action filed under 42 U.S.C. § 1983 (2000). Jones claims he was attacked by a police dog during his arrest, in violation of his constitutional right to be free from excessive force. For the following reasons, we affirm.

We review de novo a district court's order granting summary judgment and view the facts in the light most favorable to the nonmoving party. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). We find that although the district court properly concluded the officers did not violate Jones's constitutional rights, it applied the incorrect legal standard in analyzing his excessive force claim. See Whitley v. Albers, 475 U.S. 312 (1986) (describing standards applicable to alleged Eighth Amendment violation arising out of the use of force by prison officials during a prison riot). The use of force at the time of Jones's arrest is properly analyzed under the Fourth Amendment. See Vathekan v. Prince George's County, 154 F.3d 173, 178 (4th Cir. 1998).

Because Jones reached into his car after being commanded to put his hands up, and an officer gave a verbal warning prior to releasing the dog, the facts in the record, even when viewed in Jones's favor, fail to support the conclusion that the police dog

was unreasonably deployed.  See id. at 178.  By his own account, Jones resisted after the officers deployed the dog.  Given that the officers were actively trying to gain control over Jones to effectuate his arrest, we cannot conclude that it was unreasonable for officers to wait until the situation had subsided completely and Jones was secured in the police vehicle before calling off the dog.  See, e.g., Saucier v. Katz, 533 U.S. 194, 205 (2001) ("Because 'police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation,' the reasonableness of the officer's belief as to the appropriate level of force should be judged from that on-scene perspective." (citations omitted) (quoting Graham v. Connor, 409 U.S. 386, 395 (1989)).  Thus, even construing the record in his favor, Jones cannot establish a constitutional violation.

Accordingly, we affirm the district court's order granting summary judgment in favor of the officers on modified reasoning.  We dispense with oral argument because the facts and legal contentions are adequately addressed in the materials before the court and argument would not aid the decisional process.

AFFIRMED